IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

SHANE MICHAEL KOHFIELD,  No. 3:19-cv-00716-HZ

        Plaintiff,

  v.

UNITED STATES,  OPINION & ORDER

        Defendant.

Shane Michael Kohfield
1215 NE 11th Place
Canby, Oregon 97013

    Plaintiff Pro Se

HERNANDEZ, District Judge:

    Pro se plaintiff Shane Michael Kohfield brings this action against the United States. Plaintiff moves to proceed *in forma pauperis*. Because he has no appreciable income or assets, I grant the motion. However, for the reasons explained below, I dismiss the Amended Complaint.

1 - OPINION & ORDER

STANDARDS

A complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the court determines that:

(A) the allegation of poverty is untrue; or

(B) the action or appeal–
    (i) is frivolous or malicious;
    (ii) fails to state a claim on which relief may be granted; or
    (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (sua sponte dismissals under section 1915 "spare prospective defendants the inconvenience and expense of answering" complaints which are "frivolous, malicious, or repetitive"); *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by inmates). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325; *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

DISCUSSION

I. Allegations

    A. Complaint

In his original Complaint, Plaintiff alleges that the policies of the Mayor of the City of Portland "denied [Plaintiff his] first amendment right for free speech and allowed Antifa to assault citizens of the United States as well as the police." Compl. at p. 4, ECF 1. Plaintiff asserts that he has a concealed carry permit but due to the Mayor's "policy," he was searched and disarmed. *Id.* Antifa, however, "was allowed to carry weapons that left conservatives defenseless." *Id.* He alleges that he was kicked, punched, and hit with pepper spray, blinding

him as he was assaulted by "40+" members of Antifa. *Id.* As a result, he contends that his constitutional rights were "stripped for no legal purpose." *Id.* He asserts that because this assault occurred in or on the front steps of the federal courthouse, this is a "federal case." *Id.* On a separate page, he lists the First, Second, Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments to the Constitution as supporting federal question jurisdiction. *Id.* at p. 3.

As an Exhibit to the Complaint, Plaintiff attaches 197 pages of an assortment of documents, ranging from standardized test scores from the third, fourth, and seventh grades, to documents related to his time serving in the Marine Corps, to a February 28, 2019 psychological assessment, to documents entitled "Moral Authority." ECF 1-1. Also included are several pages of single-spaced typed material that seem to address some of the constitutional provisions he lists on the third page of the Complaint. ECF 1-1 at 125-34 (containing information generally related to the First, Eighth, and Ninth Amendments).

B. Amended Complaint

On May 14, 2019, Plaintiff filed an Amended Complaint. ECF 4. He still names only the United States as a Defendant. Am. Compl. at pp. 1, 2. He expressly cites federal question as the basis for jurisdiction and asserts more specifically that violations of his rights under the First, Second, Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments provide the basis for federal question jurisdiction. *Id.* at p. 2.

His "Statement of Claim" is eighteen pages of semi-organized allegations, many describing his service in the Marines and time spent in Iraq. I recite here only those that appear to be pertinent to any discernable claim. Plaintiff contends that on November 17, 2018, a conservative group known as #HimToo held a rally at Terry Schrunk Plaza in downtown

Portland pursuant to a permit from the City of Portland. *Id.* at pp. 3-4. Plaintiff alleges that the members of the #HimToo rally assembled at the plaza legally and peacefully on November 17, 2018. *Id.* at p. 4. There were thirty to forty people who attended the #HimToo rally. *Id.* at p. 14. In contrast, Plaintiff asserts that Antifa, with 200-300 members who protested the #HimToo rally, did not obtain a permit from the City of Portland allowing it to assemble on that date at Terry Schrunk Plaza and thus, Antifa's presence at the plaza on that date was illegal. *Id.* at pp. 4, 14. According to Plaintiff, "Antifa gathered illegally and savagely assaulted a peaceful congregation of people" who had actually promised Antifa safety. *Id.* at pp. 4-5. Antifa, alleges Plaintiff, "hunted us down like we were animals." *Id.* at p. 5. Antifa "chased us through the streets to cut off all routes of escape." *Id.* at p. 6.

Plaintiff further asserts that many members of the #HimToo rally were parked in a parking garage. *Id.* at p. 12. The "police" led members of #HimToo to the parking garage. *Id.* But, Antifia allegedly threw bottles and rocks at the heads of #HimToo members who were en route to the parking garage. *Id.* Then, according to Plaintiff, the police "ran away" to a single city block, set up security for themselves, and let "Antifa have the rest of the #HimToo rally." *Id.* at p. 13.

Additionally, Plaintiff contends that the police took away "any means for members of the #HimToo rally to defend" themselves. *Id.* The police searched and disarmed the #HimToo rally participants but Antifa "passed out clubs in front of the police[.]" *Id.* Plaintiff alleges he was savagely assaulted. *Id.* Plaintiff alleges that the police knew in advance that they were taking away any possibility of #HimToo members defending themselves by searching and disarming them earlier in the day. *Id.* at p. 15. The police knew this would lead to #HimToo members

4 - OPINION & ORDER

being assaulted. *Id.* "The police officers left the members of the #HimToo rally defenseless but let members of Antifa walk around with bundles of clubs and other weapons." *Id.*

Plaintiff, who alleges that he has a concealed carry permit, asserts that the Second Amendment gives him a constitutional right to carry a concealed firearm at Terry Schrunk Plaza which he contends lacks any posted "no firearms" signs. *Id.* at p. 16. The Mayor of the City of Portland took away his Second Amendment rights. *Id.* Plaintiff contends that it is "probable that the orders to disarm the #HimToo rally and not Antifa came directly or indirectly from the Mayor of Portland." *Id.* at p. 17. Although, according to Plaintiff, "the Mayor of Portland may not control Antifa, [] his policies tell Antifa what they are allowed to do to conservatives." *Id.* at p. 18. In fact, the "Mayor disarms Conservatives so that Antifa can beat Conservatives into submission." *Id.*

Based on my reading of the Amended Complaint, it appears that Plaintiff alleges that his constitutional rights were violated when he was assaulted by Antifa members. It is unclear where any such assault occurred. Plaintiff also appears to allege that some undefined policy of the Mayor of the City of Portland allowed Antifa members to carry weapons but denied him this right even though he has a concealed carry permit. It is unclear if the "policy" is considered to be the actual permit allegedly issued by the City of Portland allowing the #HimToo rally to occur at Terry Schrunk Plaza on that date, or is some other policy. He also suggests that the police were complicit in the assault because they failed to protect the #HimToo members from Antifa. However, he also suggests the police may have been following some undefined orders. He does not identify the police as City of Portland officers or other law enforcement officers.

/ / /

II. Jurisdiction

Plaintiff's allegations that his federal constitutional rights were violated provides a basis for federal question jurisdiction under 42 U.S.C. § 1983. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002) (section 1983 supplies the cause of action for an alleged federal constitutional violation). That statute, discussed more fully below, applies to claims brought against persons acting under color of *state* law. If any of the alleged law enforcement members alleged to be involved in the events at issue were federal officers, Plaintiff may have a claim under *Bivens v. Six Unknown Named Agents of the Bureau of Narcotics*, 403 U.S. 388 (1971) (recognizing an implied private action for damages against federal officers alleged to have violated certain of a citizen's constitutional rights). A *Bivens* claim properly invokes federal question jurisdiction. *Butz v. Economou*, 438 U.S. 478, 486 (1978).

III. Failure to State a Claim

In order to sufficiently state a claim, Plaintiff's Complaint must "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face[,]" meaning there must be sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must contain "well-pleaded facts" which "permit the court to infer more than the mere possibility of misconduct[.]" *Id.* at 679. Conclusory allegations are insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (a plaintiff must allege the "grounds" of his "entitlement to relief" with "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]"). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*

To maintain a claim under § 1983, "a plaintiff must both (1) allege the deprivation of a right secured by the federal Constitution or statutory law, and (2) allege that the deprivation was committed by a person acting under color of state law." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). To state a claim under *Bivens*, Plaintiff must allege that the defendants are (1) federal agents; (2) who violated Plaintiff's constitutional rights; (3) while acting under color of federal law. *E.g.*, *Morgan v. United States*, 323 F.3d 776, 780 (9th Cir. 2003) (*Bivens* claim lies against agents in their individual capacity acting under color of federal law); *Nunez v. Duncan*, No. Civ. 03-1359-AA, 2004 WL 1274402, at *1 (D. Or. June 9, 2004) ("To establish a claim under *Bivens*, . . . plaintiff must establish that an individual, acting under the color of federal law, deprived him of rights secured under the Constitution."). A *Bivens* claim must be brought against an individual and may not be brought against the United States or agencies of the United. *E.g.*, *Saber v. Soc. Sec. Admin.*, No. CV 05-373-HU, 2005 WL 1566656, at *3 (D. Or. June 23, 2005) (citing *FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (no Bivens cause of action for damages against federal agencies); *Cato v. United States*, 70 F.3d 1103, 1110 (9th Cir. 1995) (no Bivens-type claim exists against the United States)).

The Amended Complaint fails to state a claim. Plaintiff fails to identify any individual Defendants. He fails to allege who actually did what. He contends he was assaulted by members of Antifa. But, he fails to include any further identifying information about his alleged assaulters. To sufficiently state his § 1983 claim, he must allege that the person(s) who allegedly violated his constitutional rights acted under color of state law. An allegation that Antifa members assaulted him does not set forth a plausible claim for relief under § 1983. Nor does it state a plausible *Bivens* claim for the same reason. Presumably, Antifa members are private

actors. On the basis of the allegations in the Amended Complaint, there is no plausible claim that Antifa members were acting under color of state or federal law.

Plaintiff also fails to allege who searched and disarmed him. He does not identify any individual law enforcement members or any actual law enforcement agency. Again, this fails to set forth a plausible claim of relief under § 1983 or *Bivens*. Plaintiff appears to hold the Mayor of the City of Portland responsible in some way. However, he fails to name the Mayor or the City as Defendants and fails to articulate the alleged policy that resulted in the alleged constitutional violations. Because the Mayor and the City are not federal actors, any claim against them must be asserted under § 1983 claim. But, § 1983 does not allow for *respondeat superior* liability. Instead, a defendant must have personally participated in the alleged unlawful conduct. *E.g.*, *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (under § 1983, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights). Plaintiff fails to allege that the Mayor of the City personally participated in the alleged assault, alleged search, or any other conduct at issue.

To the extent Plaintiff challenges the issuance of a permit, conditions of an issued permit, or any other policy by the City, Plaintiff may bring a § 1983 claim against a municipality under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). Such a claim requires allegations that a municipal custom or policy caused a violation of his constitutional rights. *Monell*, 436 U.S. at 690 (holding that a municipality is a "person" subject to damages liability under § 1983 where it has caused a constitutional tort through "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers"). To establish an official policy or custom sufficient for *Monell* liability, a plaintiff must show a constitutional right violation

resulting from (1) an employee acting pursuant to an expressly adopted official policy; (2) an employee acting pursuant to a longstanding practice or custom; or (3) an employee acting as a final policymaker. *Webb v. Sloan*, 330 F.3d 1158, 1164 (9th Cir. 2003)

The allegations in the Amended Complaint fail to state a § 1983 claim or a *Bivens* claim against any individual. The Amended Complaint erroneously names the United States as a Defendant. The allegations fail to allege that any named individual acted pursuant to state law (if a § 1983 claim), or federal law (if a *Bivens* claim). The allegations implicate the Mayor of the City of Portland and the City itself without naming either as a Defendant. The allegations fail to allege that the Mayor of the City of Portland personally participated in any deprivation of a constitutional right. The allegations fail to identify the law enforcement agency at issue. The allegations also fail to assert allegations supporting a municipal liability claim under *Monell* because there is no allegation of a particular policy or custom causing the alleged constitutional deprivation. There is no "official policymaker" allegation. Thus, the Amended Complaint fails to state any plausible claim for relief.

IV. Leave to Amend

While the Amended Complaint fails to state a claim, it is possible that with amendment, Plaintiff might be able to state claims alleging violations his rights under the First, Second, Fourth, and Fourteenth Amendments.[1] To do so, Plaintiff will have to state his claims with more specificity and factual matter addressing the insufficiencies explained above.

///

---

[1] Although Plaintiff lists the Fifth, Eighth, and Ninth Amendments to the Constitution, the facts alleged in the Complaint fail to suggest any possible claim under these provisions.

VI. Motion for Appointment of Counsel

Generally, there is no constitutional right to counsel in a civil case. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). However, pursuant to 28 U.S.C. § 1915(e), I have discretion to request volunteer counsel for indigent plaintiffs in exceptional circumstances. *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). While I may request volunteer counsel in exceptional cases, I have no power to make a mandatory appointment. *Mallard v. United States Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 308 (1989).

In order to determine whether exceptional circumstances exist, I evaluate Plaintiff's likelihood of success on the merits and his ability to articulate his claim pro se in light of the complexity of the legal issues involved. *Wood*, 900 F.2d at 1335-36; *Wilborn*, 789 F.2d at 1331. However, "[n]either of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d)." *Wilborn*, 789 F.2d at 1331; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (same).

Although Plaintiff has failed to state a claim, he has shown some ability to set forth his allegations. At this point, I cannot assess the likelihood of success on the merits of Plaintiff's claims. I conclude that at this stage of the proceeding, there are no exceptional circumstances that require the appointment of counsel under section 1915(e).

## CONCLUSION

Plaintiff's motion to proceed *in forma pauperis* [2] is granted. Plaintiff's motion for appointment of counsel [3] is denied. The Amended Complaint [4] is dismissed with leave to amend. Any amended complaint is due within fourteen (14) days of the date of his Order.

Failure to file an amended complaint by that date will result in dismissal of this action without further notice. The Clerk's Office is directed to withhold issuance of any summons until further order of the Court.

IT IS SO ORDERED.

Dated this 20 day of May, 2019

Marco A. Hernandez
United States District Judge